

**U.S. BANKRUPTCY COURT**

**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_/s/ Harlin DeWayne Hale_

**Signed October 8, 2008**                                                                                   **United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| PROFESSIONAL INVESTORS INSURANCE GROUP, INC. | § § § § | Case No. 06-33278 HDH-11 |
| Debtor | § | |

---

| | | |
|---|---|---|
| WILLIAM G. GIBBS | § § § § | |
| Plaintiff | | |
| v. | § § § | Adversary No. 07-3249 |
| PROFESSIONAL INVESTORS INSURANCE GROUP, INC., and EUGENE PHILLIPS | § § § § § | |
| Defendants | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COMPLAINT

William G. Gibbs ("Plaintiff") filed the above adversary proceeding. The Court granted summary judgment, before trial, on certain claims alleged in the complaint.

Trial was held on October 6, 2008, on the two remaining claims, namely a breach of contract claim and *quantum meruit* claim against Professional Investors Insurance Group, Inc., the remaining defendant ("Defendant PIIG").

**Breach of Contract**.

Plaintiff did not establish by a preponderance of the evidence the existence of a contract with Defendant PIIG.

Plaintiff's version was contradicted by testimony offered by the Defendant PIIG. In addition, the behavior of the parties suggests that there was not an enforceable contract between the parties.

For example, there is no written agreement between the parties, though Plaintiff has practiced law for fifty plus years. There is not a letter from Plaintiff to Defendant PIIG outlining his understanding of an agreement.

Moreover, the evidence at trial undercuts a contractual relationship. Plaintiff's invoices were not sent to Defendant. The one invoice with a circled amount and agreement by a representative of Defendant PIIG, Mr. Phillips, suggests only an agreement to pay $32,500, which was paid. Thereafter, a number of $40,000 alleged installments were not paid. But, Plaintiff did not complain or make demand.

Defendant PIIG did send, and Plaintiff received twelve payments of $4,000 each, again without sending even one letter reserving his rights or questioning the payments or the notation on the checks. If a contract existed to pay Plaintiff the amounts he claimed are owed, a reasonable person would have immediately sent something to Defendant PIIG regarding the differences in

payment schedule and amounts.

### *Quantum Meruit*

Plaintiff did not put on credible evidence of the value of his services to Defendant PIIG. Without evidence of such value, this Court cannot calculate such claims.

Alternatively, Defendant PIIG paid Plaintiff in excess of $80,000. Plaintiff did not establish, by credible evidence, that any services he provided Defendant PIIG exceeded that amount.

### **Credibility of the Witnesses**.

The stories of the two sides are materially different. However, the evidence offered at trial suggests that the Defendant PIIG's version is more likely than not true. Because Plaintiff bears the burden of proving his claims, his case must fail. Defendant's counsel shall submit an order within 10 days.

###END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW###